FILED'07 SEP 28 13:35 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL J. ROGERS, JR.,

       Petitioner,            Civil No. 07-933-CL

        v.                       FINDINGS AND
                                   RECOMMENDATION

CHARLES DANIELS,

       Respondent.

CLARKE, Magistrate Judge.

     Petitioner, a federal prisoner in the custody of the Bureau of Prisons, was disciplined with 21 days confinement in Disciplinary Segregation and the loss of 40 days of good conduct time for possession of a weapon found in his cell.

     Petitioner filed a petition under 28 U.S.C. § 2241 alleging violations of his due rights in connection with the disciplinary hearing resulting in the sanction. Petitioner alleges that there was insufficient evidence to support the Disciplinary Hearings Officer's conclusion that petitioner was

1 - FINDINGS AND RECOMMENDATION

guilty of the offense and that respondent violated his due process rights by delaying petitioner's disciplinary hearing by three days "past the time recommended in Program Statement 5270.02." Petition (#1) p. 2. Petitioner also "challenges the certification of DHO Cortez." Id.

Petitioner requests this court to "expunge the incident report at issue, restore his 40 days of good time credit, and to order DHO Cortez to produce his DHO certification." Id. 1.) Petitioner has not alleged that he was denied any of the due process rights guaranteed to prisoners under the due process clause as set forth in Wolff v. McDonnell, 418 U.S. 539 (1974) and the record reflects that he was afforded those rights.

Petitioner's claim is that there was insufficient evidence to support the DHO's finding that petitioner committed the offense.

The rules of disciplinary procedure set forth in 28 C.F.R. § 541.17 require the DHO to "consider all evidence presented at the hearing" and that the decision be based "on at least some facts." If there is conflicting evidence, the decision must be based on "the greater weight of the evidence."

In Superintendent v. Hill, 472 U.S. 445, 455-56 (1985), the Supreme Court held that only "some evidence" is required to satisfy due process in a prison board determination. "Ascertaining whether this standard is satisfied does not

2 - FINDINGS AND RECOMMENDATION

require examination of the entire record, independent assessment of witnesses, or weighing evidence. ... Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. Courts are required to give deference to the factual findings of prison disciplinary committees. Bostic v. Carlson, 844 F.2d 1267, 1269 (9th Cir. 1989)("We defer to the disciplinary committee's factual findings unless they are clearly unsupported.")

In this case, a prison guard found a weapon hidden behind floor molding in a cell occupied by petitioner and another inmate. Cortez Declaration (#13), Attachment 3, p. 2.

Petitioner argues that he cannot be "held accountable for a weapon that is 'concealed' in a common area which Petitioner has no knowledge of." Petitioner's Reply to Respondent's Answer (#16), p. 3. Petitioner further argues that respondent's "constructive possession" conclusion is improper because "the evidence demonstrates that hundreds of inmates have been assigned to Cell #204 that could have concealed the weapon behind the floor molding." Id., p. 4.

The evidence before the court establishes that petitioner and another inmate were assigned to the cell where the weapon was found.[1] Constructive possession provides "some

---

[1] Petitioner's cell-mate, was also given an incident report for possession of the weapon and also denied that it was his. See, Cortez Declaration (#13), Attachment 3 (Disciplinary Officer Report), p.1.

3 - FINDINGS AND RECOMMENDATION

evidence" of guilt when contraband is found where only a few inmates have access.  See, Hamilton v. O'Leary, 976 F.2d 341, 345 (7th Cir. 1992).

Giving proper deference to the hearing officer's factual findings, I find that there was the requisite "some evidence" to support the conclusion that petitioner committed the prohibited act of possession of a weapon.

2.) Petitioner's disciplinary hearing was held on January 9, 2007, six working days after the December 30, 2006, incident report was completed.  Petitioner contends that respondent violated his due process rights because the hearing was held three days later than internal prison guidelines recommend.

Program statement 5270.07 provides that prison disciplinary hearings "ordinarily" will be held a "maximum ... of 3 work days from the time staff became aware of the inmates involvement in the incident."  Cortez Declaration (#13) Attachment 1, p. 4.  This time limit is "subject to exception as provided by the rules."  Id.  Thus, although BOP policy sets forth guidelines concerning when certain aspects of the disciplinary process are ordinarily initiated, the guidelines "are not inflexible rules."  Cortez Declaration (#13), p. 3.

Moreover, petitioner does not have a protected liberty interest in the disciplinary process time line outlined in Program Statement 5270.07.  Although some internal prison rules may create liberty interests for inmates, such interests

4 - FINDINGS AND RECOMMENDATION

are limited to freedom from restraint that "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v.Conner, 515 U.S. 472, 484 (1995).

In this case the hearing time-line guidelines do not impact petitioner's "freedom of restraint" or rise to an "atypical and significant hardship" on petitioner. See, Bostic v. Carlson, 884 F.2d 1267, 1270 (9th Cir. 1989)(failure to meet prison guideline regarding disciplinary hearing "would not alone constitute a denial of due process."); see also, Hewitt v. Helms, 459 U.S. 460, 468 (1983)(holding that due process requires that a disciplinary hearing be held within a "reasonable" time after confinement to administrative segregation, and that five days "plainly satisfied" this requirement.)

Even if the 3 day period can be construed as a rule creating a liberty interest, the delay in petitioner's hearing was minimal. Petitioner received notice of the delay and it was for good cause. Cortez Declaration (#13), Attachment 3, p. 7. Moreover, petitioner has not established how he was prejudiced by the short delay. See, Bostic v.Carlson, supra at p. 1270.

3.) Petitioner's contention that Daniel Cortez was not certified as a Disciplinary Hearings Officer at the time of his hearing is based on petitioner's impression that Mr. Cortez "was unprofessional at the time of the DHO hearing and

5 - FINDINGS AND RECOMMENDATION

seemed confused at times." Petition (#1) P. 4.

The record reflects that Mr. Cortez is a certified hearings officer. <u>See</u>, Declaration of Daniel Cortez (#13) (stating qualifications - "I have attended and successfully completed Disciplinary Hearing Officer training and as a result of this training, I am a certified DHO."); <u>see also</u>, <u>Id</u>, Attachment 4, p.3 (Regional Director's response to petitioner's BP-10 appeal stating DHO Cortez "has been trained and certified as a Disciplinary Hearings Officer.").

Petitioner's impression that Mr. Cortex was "unprofessional" and "seemed confused at times" is insufficient to state a claim regarding Mr. Cortez's qualifications.

<u>Conclusion</u>:    Based on all of the foregoing, petitioner's Petition (#1) should be denied.  This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the

6 - FINDINGS AND RECOMMENDATION

factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this 26 day of September, 2007.

_____
Mark D. Clarke
United States Magistrate Judge

7 - FINDINGS AND RECOMMENDATION