FILED'08 FEB 06 12:05USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL ROGERS,           )
                          )
        Petitioner,       )    No. CV 07-933-CL
                          )
        v.                )
                          )    **ORDER**
CHARLES DANIELS, Warden,  )
                          )
        Respondent.       )
_____)

**PANNER, J.**

Petitioner Michael Rogers is an inmate at the federal correctional facility at Sheridan. As his scheduled release date was approaching, a search of the cell occupied by Rogers uncovered a weapon--a sharpened piece of metal--hidden behind the floor moulding. Rogers and his cellmate both denied knowledge of the contraband. The prison conducted a hearing, found Rogers culpable, and revoked 40 days good time. Rogers appeals that decision, and asks this court to grant a writ of habeas corpus.

On September 28, 2007, Magistrate Judge Clarke issued his Findings and Recommendation ("F&R"), which recommended that this court deny Roger's petition. Rogers timely objected. The matter

1 - ORDER

is now before me for de novo review pursuant to pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

## Discussion

Rogers' main contention is that the record contains no evidence establishing that the person who conducted the challenged Disciplinary Hearing was, *on the date of that hearing*, duly trained and certified as a Disciplinary Hearing Officer ("DHO"), and met the other requirements to serve as a DHO. See 28 C.F.R. § 541.16(a); Bureau of Prisons Program Statement 5270.07, Ch. 7, p. 1.

Rogers asked Respondent to provide such evidence, but Respondent repeatedly declined, saying only that this individual was *currently* a DHO. That was not the question. Respondent eventually provided the requested certification in response to a direct order from this court. That information should have been provided from the outset.

Rogers' other main contention is that the evidence was not sufficient to hold him responsible for the weapon. Rogers notes it was found concealed behind floor moulding, and was not visible to an inmate residing in the cell. Many inmates have occupied that cell over the years. The object might have already been concealed behind the moulding when Rogers was assigned to the cell. The record contains no evidence the cell was carefully inspected by prison officials before Rogers was housed there, or that Rogers was permitted to remove the moulding and confirm no

contraband was secreted there. Rogers shared the cell with at least one other inmate. They were required to leave the cell door unlocked if they left for any reason. The attributes ordinarily relied upon to establish constructive possession, such as exclusive dominion and control, are rather porous here.

The record contains no physical evidence, such as fingerprints or DNA, linking Rogers to the weapon, and no testimony that Rogers had been seen with this weapon. So far as I can tell, the only evidence linking Rogers to the weapon is that it was found hidden in a cell that he had occupied (with another inmate) for the past eight months.

The comparatively long period that Rogers occupied the cell, before the item was discovered by prison officials, somewhat increases the likelihood that he was aware of the object's presence. Ultimately, it is a very close question. The evidence falls far short of what would be necessary to establish guilt beyond a reasonable doubt. The standard of proof is much lower in prison disciplinary hearings, however, and judicial review is quite deferential. There was at least "some evidence" to support the decision reached by the hearing officer. I can discern a rational path by which a DHO could infer that Rogers probably was aware of the contraband's presence, given the length of time he had occupied the cell. The decision of the hearing officer was not entirely arbitrary, or lacking any evidentiary support. Therefore, Rogers' petition for relief must be denied.

## Conclusion

The Findings and Recommendation (docket # 19) are adopted. The Petition (# 1) for Writ of Habeas Corpus is denied.

IT IS SO ORDERED.

DATED this ___6___ day of February, 2008.

OWEN M. PANNER
U.S. DISTRICT JUDGE

4 - ORDER